John MARTIN, Rev. E. J. Wilson, Ben Wilcher, Curtis Clover, Terry Taylor, Escar Pierce, Kendrick Lemon, Willie Juris Graddy, Alvin Darrisaw, Josh Knight, Early Clover, Riley Brown, Ralph Cason, Willie James Taylor, Individually; and Clinton Jenkins, Individually, And On Behalf of All Others Similarly Situated, Plaintiffs,

v.

Samuel Roland ATTAWAY, Individually, And In His Official Capacity As Sheriff of Johnson County, Georgia; Linton H. Smith, Individually, And In His Official Capacity As Chief of Police of Wrightsville, Georgia; Willis Wombles, Individually, And In His Official Capacity As Mayor of Wrightsville, Georgia; Beverly B. Hayes, Individually, And In His Official Capacity As District Attorney For the Dublin, Georgia, Judicial Circuit; and Joe Doe, Richard Roe, William Zoe and other Unknown Persons, Defendants.

Civ. A. No. CV380–0071.

United States District Court,
S. D. Georgia,
Dublin Division.

Jan. 30, 1981.

**604**

Morton Stavis, Arthur Kinoy, Frank E. Deale, Randolph M. McLaughlin, Doris Peterson, of Center for Constitutional Rights, New York City, Edward E. Augustine, Atlanta, Ga., Katrina Breeding, Albert A. Mitchell, Brian Spears, Charles Thornton, Celeste Owens, Thomas West, Atlanta, Ga., Roosevelt Warren, Sparta, Ga., for plaintiffs.

Wm. Washington Larsen, Jr., Dublin, Ga., Daryl Robinson, Staff Asst. Atty. Gen., Atlanta, Ga., for defendants.

## ORDER

BOWEN, District Judge.

Pursuant to 42 U.S.C. §§ 1971, 1981, 1983, 1985(3), 1986, 1988, and 1989, named plaintiffs brought this action, styled a class action, seeking declaratory and injunctive relief. The gravamen of plaintiffs' complaint, as stated at paragraph 52, is that criminal prosecutions of plaintiffs currently pending in Johnson County Superior Court:

> are brought by Defendants in bad faith, for purposes of harassment and without a reasonable possibility of success and have been undertaken in retaliation for and to deter Plaintiffs and members of Plaintiffs' class from exercising their constitutionally protected rights to freedom of speech, and of the press, to peacefully assemble and to freely associate, to petition the government for redress of their grievances, to register to vote, and to vote, and to otherwise achieve the full rights of American citizenship by fully and equally participating in the democratic processes of our social and political system.

Of present concern is plaintiffs' motion to stay arraignments and hearings on pretrial motions in the state court criminal proceedings pending a hearing before this Court on plaintiffs' motion for preliminary injunctive relief against those proceedings under the *Younger v. Harris* exception. *Younger v. Harris*, 401 U.S. 37, 54, 91 S.Ct. 746, 755, 27 L.Ed.2d 669 (1971).

While the *Younger* decision generally precludes federal courts from enjoining pending state criminal prosecutions, an exception exists upon a "showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Id.* at 54, 91 S.Ct. at 755. *See generally* 17 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 4251–4255 (1978). Such bad faith or harassment can take the form, as alleged in this action, of a prosecution undertaken under a valid statute for constitutionally impermissible reasons. *Cf. Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) (federal equitable relief invoked to challenge the constitutionality of a state criminal statute). In this situation, where the initiation of the prosecution itself is challenged rather than the underlying criminal statute, the *Younger* doctrine proscribing federal equitable relief assumes a new light. The authoritative discussion on federal injunctive authority in this context is *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979).

In *Wilson*, then Chief Judge Brown, initially recognized that the *Younger* bad faith exception is not limited to instances where there is a threat of multiple or repeated prosecutions. The court held that federal court intervention is not precluded as a matter of law in a single prosecution case. *Id.* at 1381. More significantly, while finding that a single criminal prosecution may be federally enjoined, Judge Brown proceeded to reject at length the notion that "the opportunity to raise the defense of bad faith prosecution in the state courts is presumptively an adequate remedy and that federal intervention is not warranted unless the plaintiff demonstrates that for some reason this remedy is inadequate." *Id.* The import of this holding, as shown in the following discussion, is that, once the federal plaintiff (state criminal defendant) demonstrates that the state prosecution was undertaken for constitutionally impermissible purposes, irreparable injury is established, and the presence of an adequate remedy in the state court proceeding (e. g. a motion to quash the indictment for bad faith prosecution) does not negate that injury as a basis for federal equitable relief.

In reaching this decision, the Court distinguished, for purposes of the *Younger* doctrine, between suits to enjoin a good faith prosecution brought under a possibly invalid statute and suits to enjoin bad faith prosecutions where the underlying statute is not challenged. In the former situation, state interest, as manifest in notions of state-federal comity, *see id.* at 1380 n.4., compel federal abstention. In the latter situation, the state "by definition does not have any legitimate interest in pursuing a bad faith prosecution brought to retaliate for or to deter the exercise of constitutionally protected rights." *Id.* at 1383. Instead, the interest of the state criminal defendant predominate: "he is seeking to protect his federal 'right not to be subjected to a bad faith prosecution or a prosecution brought for purposes of harassment, [a] right [that] cannot be vindicated by undergoing prosecution.'" *Id.* at 1382 (quoting *Shaw v. Garrison,* 467 F.2d 113, 122 n.11 (5th Cir.), *cert. denied* 409 U.S. 1024, 93 S.Ct. 467, 34 L.Ed.2d 317 (1972)). Thus, when the alleged constitutional violation is in the prosecution itself, the comity justification for federal non-intervention is not applicable.

With respect to the present case, this Court has no reason to doubt the integrity of the Johnson County Superior Court, nor any reason to doubt the intentions of Judge Lawson. As recognized by the Supreme Court:

> State judges as well as federal judges swear allegiance to the Constitution of the United States, and there is no reason to think that because of their frequent differences of opinions as to how that document should be interpreted that all are not doing their mortal best to discharge their oath of office.

*Sumner v. Mata,* —— U.S. ——, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Yet, the rectitude of the state court is not at issue. To paraphrase Judge Brown, quoting *Sheridan v. Garrison,* 415 F.2d 699 (5th Cir. 1969), *cert. denied,* 396 U.S. 1040, 90 S.Ct. 685, 24 L.Ed.2d 685 (1970), the substance of the complaint is that defendant officials acting under color of state law are using or threatening to use criminal prosecutions, regardless of their outcome, as instrumentalities to retaliate for plaintiffs' exercising their constitutional rights. As Judge Brown concluded: "[I]rreparable injury is sufficiently established if the federal plaintiff demonstrates that the state prosecution against him was brought in bad faith for the purpose of retaliating for or deterring the exercise of constitutionally protected rights." The possibility of curative action in the state court proceeding is not material.

In Part III of his opinion, Judge Brown considered the familiar four criteria for granting a preliminary injunction as set forth in *Canal Authority v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974). As for the two most important of those criteria, (1) a substantial likelihood that plaintiff will prevail on the merits and (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, the court concluded that "[i]rreparable injury will be sufficiently made out if the plaintiffs show a substantial likelihood of prevailing on the merits." 593 F.2d at 1384. A likelihood of prevailing on the merits is established if the likely applicability of the *Younger* bad faith exception is *shown.* In Judge Brown's view, such a showing is tantamount to establishing the likelihood that the state criminal prosecutions were brought in retaliation for or to deter the exercise of constitutionally protected rights. *Id.* at 1384–85, 1385 n.17.

Following an extensive discussion of burden of proof problems in analogous situations, Judge Brown set forth the proper test to be applied where a plaintiff seeks to enjoin a state criminal prosecution on the basis that the prosecution itself is constitutionally impermissible:

> The Court should consider whether the plaintiffs have shown, first, that the conduct allegedly retaliated against or sought to be deterred was constitutionally protected, and, second, that the State's bringing of the criminal prosecution was motivated at least in part by a purpose to retaliate for or to deter that conduct. If the Court concludes that the plaintiffs have successfully discharged their burden of proof on both of these issues, it should

then consider a third: whether the State has shown by a preponderance of the evidence that it would have reached the same decision as to whether to prosecute even had the impermissible purpose not been considered.

*Id.* at 1387 (footnotes omitted).

■ Plaintiffs' current motion before this Court, while styled a motion to stay, seeks relief in the nature of a temporary *restraining order.* To prevail on a motion for a temporary restraining order, plaintiff must demonstrate immediate and irreparable injury, a reasonable likelihood of success on the merits, and that the harm to plaintiff outweighs any possible harm to the defendants and to the public from the injunctive relief sought. *See Salomon/North America, Inc. v. AMF, Inc.,* 484 F.Supp. 846, 848 (D.Mass.1980); *National Prisoners Reform Ass'n. v. Sharkey,* 347 F.Supp. 1234, 1237 (D.R.I.1972). The evaluation of these factors and the grant or denial of a temporary restraining order rests within the sound judicial discretion of the district court. *See generally* 11 C. Wright & A. Miller § 2951, at 507 (1973).

■ The plaintiffs' motion to stay was filed with the Clerk of this Court on January 28, 1981. The motion and documents appended thereto attest to some difficulties experienced in scheduling the criminal cases for arraignment and hearing of pretrial motions before the superior court judge. The plaintiffs have sought relief from this Court without adducing evidence to support the necessary findings. The plaintiffs, by motion filed January 28, seek to restrain a state court hearing scheduled for February 2. If such a request is not precipitous, it is at least tardy. It is doubtful that a large number of lawyers are actually needed to perform the important duties of counsel at an arraignment. This Court cannot dictate the calendar of the superior court. Also, it is remembered that plaintiffs were afforded ample opportunity by this Court to conduct a hearing on the application for preliminary injunction in Dublin, Georgia, shortly after this case was filed. The hearing on plaintiffs' application for preliminary injunction was postponed at the request of plaintiffs' counsel because of scheduling difficulties.

Plaintiffs have had but have not taken advantage of the opportunity for an evidentiary hearing. That opportunity was granted by this Court shortly after filing the case and at a time when it was convenient, or less inconvenient, to this Court's schedule. When accepting a case for representation, counsel should be ready to meet the schedule of the Court for hearings and trials. No relief is available from this Court without evidence to support its grant.

At this stage of the proceedings, the Court is unable to conclude that, in the context of the *Wilson* test, and recognizing that a lesser showing is required for a temporary restraining order, plaintiffs have demonstrated a reasonable likelihood of success on the merits. Accordingly, plaintiffs' motion for stay is denied.

This order does not affect plaintiffs' right to a hearing on application for a preliminary injunction.