**Felipe DÍAZ DELGADO, et al., Plaintiffs,**

v.

**COMMONWEALTH OF PUERTO RICO'S STATE ELECTIONS COMMISSION, et al., Defendants.**

Civ. No. 88–0970 GG.

United States District Court, D. Puerto Rico.

June 8, 1988.

Raul Santiago–Melendez, Hato Rey, P.R., for plaintiffs.

Dept. of Justice, Com. of P.R., San Juan, P.R., for defendants.

## OPINION AND ORDER

GIERBOLINI, District Judge.

Before us is a verified request for a temporary restraining order (TRO) filed by Dr. Felipe Díaz Delgado (Dr. Díaz) and the Citizens' Group for the Election of Dr. Díaz. Petitioners request that we enjoin defendants State Elections Commission of Puerto Rico (SEC) and Popular Democratic Party (PDP) from going ahead with the Salinas' mayoralty primary to elect the PDP candidate; and that we order the SEC and the PDP to include Dr. Díaz as a candidate for mayor for the PDP on the primary to be held on June 12, or, should we so order, at a later date.

Petitioners claim that certain irregularities took place during the PDP's internal elections which deprived them of their rights under the First Amendment of the United States Constitution. Dr. Díaz attacked the validity of the internal elections through the PDP's internal mechanisms. He was granted a hearing. After losing on this attack, he unsuccessfully appealed to the Board of Governors of the PDP. He then requested the SEC to hand him the endorsement petitions to support his candidacy. The SEC refused. Dr. Díaz then filed a petition for injunction in the Superior Court of Puerto Rico, San Juan Part, requesting that the internal elections be declared null and that new elections be held. The Superior Court denied the injunction on the grounds of laches. Dr. Díaz filed a request for review in the Supreme Court of Puerto Rico, which was denied for not having appealed to the SEC within the statutory period. *Felipe Díaz Delgado v. Partido Popular Democrático, Estado Libre Asociado de Puerto Rico, Comisión Estatal de Elecciones,* 88 JTS 50 (decided April 29, 1988) (copy attached herewith). A motion for reconsideration was denied. On June 3, petitioners filed the present action.

■ To prevail in a request for a temporary restraining order, petitioners must demonstrate that immediate and irreparable injury will result before the adverse party is notified, a reasonable likelihood of success on the merits, and that the possible harm to plaintiffs outweighs any possible harm to the defendants and to the public from the injunctive relief sought. Rule 65 Fed.R.Civ.P.; *Martin v. Attaway,* 506 F.Supp. 603 (D.Mass.1981); *Silva v. East Providence Housing Authority,* 390 F.Supp. 691 (D.R.I.1975); Wright & Miller, *Federal Practice and Procedure:* Civil § 2951, at pp. 507–509. The issuance of a TRO lies within the sound discretion of the trial court. We shall review each of the criteria separately.

■ We believe that petitioners will suffer immediate injury if the TRO is not granted because the primaries in question are scheduled for June 12. However, the injury might not be irreparable since this court could, after June 12, declare the primaries null and void and order the celebration of new ones. We agree that, given the imminence of the primaries, there is very little time to notify the defendants of this action. However, this is partly petitioners' fault since they waited until June 3 to file it.

As to petitioners' probability of success on the merits, we find that it is slim. It is very likely that the present action is precluded on res judicata grounds. This action involves the same parties as the case before the state courts, the only differences being that the "Citizens' Group for the Elections of Dr. Díaz" has been added

as plaintiff,[1] and that the Commonwealth of Puerto Rico has been eliminated as a defendant, for obvious reasons. The same "cause" and the same "thing" are at stake —the validity of the PDP's internal elections and petitioners' access to the candidacy. The federal courts must give "preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); 28 U.S.C.A. § 1738. *See also, Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Thus, under the Puerto Rico res judicata statute, we find that it is likely that petitioners' claim would be precluded. Art. 1204 of the Civil Code (31 L.P.R.A. § 3343); Art. 421 of the Law of Evidence (32 L.P.R.A. § 1793); *Francisco Ramos González y otros v. Francisco Félix Medina y otros*, 88 JTS 66 (decided May 13, 1988).

As to the harm to be inflicted upon petitioners if their request is denied, we agree with them that it will be considerable. However, we believe that the harm to be inflicted upon defendants and upon the public if we grant the petition is greater. Our intervention would cause a serious disruption in the primary process, which would in turn be unduly burdensome for the electorate and for the state and party officials.

 The right to vote, *per se*, is not constitutionally protected. *San Antonio Independent School Dist. v. Rodríguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). The constitution does not compel a fixed method of choosing state or local officers. *Rodríguez v. Popular Democratic Party*, 457 U.S. 1, 102 S.Ct. 2194, 72 L.Ed.2d 628 (1982). We accord great deference to the Supreme Court of Puerto Rico's determinations regarding electoral matters. The Supreme Court had before it essentially the same parties, facts and arguments we have before us now, and it ruled against petitioners. For practical purposes, what petitioners are now requesting

is that we reverse the Supreme Court's determination. This obviously we cannot do. *See* 28 U.S.C. § 1257 (1982); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983). As was cogently expressed in *Atlantic Coast Line R. Co. v. Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970), "lower federal courts possess no power whatever to sit in direct review of state court decisions." Nor can the Civil Rights Act be used as a vehicle to collaterally attack final state court judgments, *Bricker v. Crane*, 468 F.2d 1228, 1231 (1st Cir. 1972), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973). Petitioners' remedy lies in a writ of certiorari to the United States Supreme Court. 28 U.S.C. § 1258(3).

Wherefore, after considering all the factors mentioned above, petitioners' request for a temporary restraining order is hereby DENIED.

SO ORDERED.

---

1. We note that this party might have had a duty to participate in the state action. *See* Wright & Miller, *Federal Practice and Procedure: Jurisdiction* § 4452.