**T. Clyde STOVALL, Appellant,**

v.

**CONTINENTAL FEDERAL SAVINGS AND LOAN ASSOCIATION,**
**Appellee.**

**No. 54801.**

Court of Appeals of Oklahoma,
Division No. 2.

Sept. 1, 1981.

Rehearing Denied Sept. 22, 1981.

Certiorari Denied Nov. 2, 1981.

Released for Publication by Order of Court of Appeals Nov. 5, 1981.

T. Clyde Stovall, pro se.

Stephen P. Friot, Merlaine Anderson, Spradling, Stagner, Alpern & Friot, Oklahoma City, for appellee.

BOYDSTON, Judge.

Clyde Stovall sued Continental Federal Savings and Loan Association for misrepresentation and fraud. Savings and Loan filed a counterclaim asking that a permanent injunction be issued against Stovall barring him from ever going into any place of business of Savings and Loan, from ever going to the residence of any of its officers and employees and from ever contacting or communicating with any officer or employee except two named officers whom he would be allowed to contact by mail or telephone.

Following a non-jury trial, the court issued the injunction on January 2, 1980. Shortly thereafter, on January 25, 1980, the court granted summary judgment to Savings and Loan, finding Stovall's suit was barred by the doctrine of estoppel by judgment.

Stovall now appeals, urging the following points of error:

(1) There was insufficient evidence to support issuance of a permanent injunction.

(2) The trial court erred in granting motion for summary judgment because the doctrine of estoppel by judgment applies to judgments in small claims court only when the parties to the small claim action are the same as the ones now before the court.

We find the facts in this case justify the court's rulings and affirm.

The events giving rise to this action began in July, 1977, when Stovall purchased a house in Oklahoma City. He paid $4,000 down and applied for a $15,600 mortgage from Savings and Loan. A loan origination fee of $312 was charged to Stovall at closing. He claims he had told Savings and Loan he would not pay the fee and that he was assured by Sharon Rout, the loan closing officer, that this would be paid by the seller.

After closing, Stovall discovered he had paid the $312 and demanded a return of his money. When his demands were ignored, he initiated a campaign of harassment designed to recover the $312 which included filing suit against Sharon Rout in small claims court. A default judgment against her in that action was later vacated and judgment was entered for Ms. Rout on the issues. Stovall then filed suit in district court against Savings and Loan.

I

We first address the issue of the permanent injunction. The record is replete with instances of Stovall going to the various branch offices of Savings and Loan and conducting himself in such a way as to interfere with the business being transacted. His verbal harassment of officers and employees caused such concern that on at least one occasion extra personnel was posted to protect Ms. Rout. Further, he did not confine his abuse to the Savings and Loan offices. In the early morning hours, he went to the home of Ms. Rout's sister-in-law, who by coincidence was also named Sharon Rout, and then to the home of the loan officer Ms. Rout, a single woman, creating fear in Ms. Rout not only for her safety and well being but for the safety of

her three children. He repeatedly demanded polygraph tests of the employees connected with his closing and eventually filed suit against Ms. Rout personally, obtained a default judgment and began garnishment proceedings against Savings and Loan and the Village Bank. Certainly he has every legal right to pursue a remedy in court. He does not however have a right to employ abusive and illegal tactics which show no signs of abatement.

Title 21 O.S.1971 §§ 837, 838 specifically prohibit the type of behavior exhibited by Stovall. Section 837 states:

> Every person who, by use of force, threats or intimidation, prevents or endeavors to prevent any hired foreman, journeyman, apprentice, workman, laborer, servant or other person employed by another from continuing or performing his work, or from accepting any new work or employment, or induces such hired person to relinquish his work or employment, or to return any work he has in hand, before it is finished, is guilty of a misdemeanor.

Similarly, § 838 provides:

> Every person who, by use of force, threats or intimidation, prevents or endeavors to prevent another from employing any person, or to compel another to employ any person, or to force or induce another to alter his mode of carrying on business, or to limit or increase the number of his hired foremen, journeymen, apprentices, workmen, laborers, servants or other persons employed by him, or their rate of wages or time of service, is guilty of a misdemeanor.

As a general rule injunction will not issue to restrain commission of a threatened act merely to prevent the violation of a penal statute, but where an injunction is otherwise warranted the court may enjoin certain acts affecting rights, property and general welfare. *Schmoldt v. Oakley,* Okl., 390 P.2d 882 (1964).

In this case, Stovall's extraordinary actions call for extraordinary relief. We hold the injunction was properly granted.

## II

Finally, we address the correctness of the trial court's granting summary judgment to Savings and Loan and again affirm.

It is a long-standing legal principle that a judgment rendered by a court of competent jurisdiction on the merits is a bar to any future suit between the same parties or their privies on the same cause of action so long as the judgment remains unreversed. The cause of action and all defenses which were or which might have been made are merged with the prior judgment. A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies, even where the subsequent suit is a different cause of action. *Cressler v. Brown,* 79 Okl. 170, 192 P. 417 (1920).

In this case we have exactly the same cause of action being filed in district court as was previously litigated in small claims court. Stovall did little more than change the named defendant in the caption before filing suit in district court. We note, as an aside, the petition filed was demurrable in that it failed to name Savings and Loan anywhere except in the caption and never established a connection between Ms. Rout, the party named in the petition, and Savings and Loan.

We affirm the trial court in all respects. Costs are taxed against Stovall.

BACON, P. J., and BRIGHTMIRE, J., concur.