817 F.2d 81
 HEINOLD HOG MARKET, INC., Plaintiff,
v.
Dennis J. McCOY, etc., et al., Defendants,
The Madill Bank and Trust Company, Defendant-Appellee,
George Herrmann and Buel Lasley, Intervenors and
Cross-Claimants/Appellants.
 No. 85-1410.
 United States Court of Appeals,
Tenth Circuit.
 April 24, 1987.
 
 1
 Von Russell Creel (Drew Neville, William J. Skepnek, with him on the briefs), of Linn & Helms, Oklahoma City, Okl., for intervenors and cross-claimants/appellants.
 
 
 2
 Harry A. Woods, Jr. (Brooke S. Murphy, Mark S. Grossman, with him on the brief), Crowe & Dunlevy, Oklahoma City, Okl., for defendant-appellee Madill Bank and Trust Co.
 
 
 3
 Before MOORE and SETH, Circuit Judges, and BROWN, Senior District judge*.
 
 
 4
 WESLEY E. BROWN, Senior District Judge.
 
 
 5
 The appellants, George Herrmann and Buel Lasley, who are intervenor-defendants and cross-claimants in the above-entitled litigation, appeal from a final order of the District Court entered March 1, 1985, which dismissed their cross-claims against the defendant-appellee Madill Bank and Trust Company.[1] The District Court's decision was based upon the following stipulation of facts which was entered into by the parties to this appeal.
 
 
 6
 1. The District Court of Marshall County, Oklahoma, has previously entered judgments in its cases Numbers C-82-51 (The Madill Bank & Trust Co. v. George Herrmann) and C-82-52 (The Madill Bank & Trust Co. v. Buel Lasley);
 
 
 7
 2. That the subject matter, causes of action, claims, defenses and these parties are the same as those in this case;
 
 
 8
 3. That the District Court of Marshall County, Oklahoma, was a court of competent jurisdiction with jurisdiction over these parties and the subject matter;
 
 
 9
 4. That jury verdicts were entered in those cases for Madill Bank and Trust Co. and against the defendants Herrmann and Lasley; and
 
 
 10
 5. That those judgments have been appealed by the defendants to the Oklahoma Supreme Court and have not yet been reversed.
 
 
 11
 Heinold Hog Market, Inc. v. McCoy, No. 82-135-C, Slip op. at 2 (E.D.Okla. March 1, 1985).
 
 
 12
 The only issue presented in this appeal is whether or not the pendency of an appeal of an Oklahoma state court judgment has the preclusive effect under the doctrine of res judicata to bar the retrial of the same claims and defenses between the same parties in a federal court. The Full Faith and Credit statute, 28 U.S.C. Sec. 1738,[2] requires a federal court to give the same preclusive effect to a state court judgment that would be given in a state in which the judgment was rendered. Migra v. Warren City School District Board of Education, 465 U.S. 75, 80-81, 104 S.Ct. 892, 895-96, 79 L.Ed.2d 56, 61-62 (1984). In this dispute, the law for determining the preclusive effect under the res judicata doctrine is the Oklahoma state law. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274, 281 (1985).
 
 
 13
 In Stovall v. Continental Federal Savings and Loan Association, 635 P.2d 1336 (Okla.Ct.App.1981), the State appellate court restated the
 
 
 14
 long-standing legal principle that a judgment rendered by a court of competent jurisdiction on the merits is a bar to any future suit between the same parties or their privies on the same cause of action so long as the judgment remains unreversed.
 
 
 15
 Id, at 1338. Following the oral argument, the Court decided to hold the disposition of this appeal in abeyance pending a decision on the appeal taken by Herrmann and Lasley of the Marshall County District Court judgments to the appellate court of the State of Oklahoma. On February 3, 1987, the Court of Appeals of the State of Oklahoma affirmed the judgments of the Marshall County District Court, which concluded the same claims and defenses between Madill Bank and Trust Company on the one hand and Herrmann and Lasley on the other as those that have been reasserted in this federal court litigation. See Madill Bank and Trust Co. v. Herrmann and Lasley, Case Number 62,461, 638 P.2d 567 (OklaCt.App.1987), reh'g denied, (March 24, 1987).
 
 
 16
 We find it unnecessary at this time to re-examine our decision in Coppedge v. Clinton, 72 F.2d 531 (10th Cir.1934), which Herrmann and Lasley have relied for the proposition that the Oklahoma law provides that a pending appeal from a prior judgment suspends the application of the res judicata doctrine to dismiss an identical second suit. On the basis of the factual stipulations entered into by the parties to this appeal and the decision of the Oklahoma Court of Appeals, we believe that the judgments of the Marshall County Court were conclusive and acted as an absolute bar to a second litigation in a federal court upon the same claims and defenses between the same parties. Runyan v. City of Henryetta, 321 P.2d 689, 692-93 (Okla.1958); Marrese, supra, 470 U.S. at 381-83, 105 S.Ct. at 1332-33, 84 L.Ed.2d at 282-83.
 
 
 17
 The final order of the District Court dismissing "the cross-claims of The Madill Bank and Trust Co. and Herrmann and Lasley against each other" is AFFIRMED.
 
 
 
 *
 The Honorable Wesley E. Brown, United States Senior District Judge, sitting by designation
 
 
 [1]
 See ROA Vol. II at 317 (Herrmann and Lasley motion to intervene) and id. at 328 (Herrmann and Lasley answers, cross-claims and counter-claims). The order also dismissed the claim of Madill Bank against Herrmann and Lasley, and their claims against one another. See id, 558 at 561
 
 
 [2]
 The Full Faith and Credit statute, 28 U.S.C. Sec. 1738, reads in pertinent part: "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."