**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RICK DEAN PETRICK,

Petitioner-Appellant,

v.

DANIEL REYNOLDS, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 96-7040
No. 96-7045
(D.C. No. CIV-92-545-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the cases are ordered submitted without oral argument.

In case No. 96-7040, Rick Dean Petrick appeals the district court's order denying a certificate of probable cause for appeal under 28 U.S.C. § 2253. In case No. 96-7045, he appeals the district court's order denying his request for out-of-time appeal. We dismiss both appeals.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On October 30, 1995, the district court dismissed Petrick's petition for habeas corpus relief under 28 U.S.C. § 2254. Petrick filed a "Request for Out of Time Appeal" on December 27, 1995. The request for extension of time was treated as a notice of appeal and the case was docketed in this court as No. 96-7001. On January 19, 1996, the district court denied Petrick a certificate of probable cause for appeal. On January 25, 1996, this court dismissed 96-7001 for lack of timely notice of appeal, but ruled the request for out-of-time appeal was a timely motion for extension of time for appeal under Fed. R. App. P. 4(a)(6). Accordingly, this court remanded the case to the district court for a ruling on the motion for extension of time to appeal. On February 16, 1996, the district court summarily denied Petrick's request for out-of-time appeal, and Petrick filed timely notices of appeal from the denial of the certificate of probable cause and the denial of his request for an out-of-time appeal.[1]

Respondents contend Petrick's appeal from the order denying his request for out-of-time appeal must be dismissed as untimely. However, in case No. 96-7001, this court ruled that the request was a timely motion for extension of time to appeal. The motion was timely under either Fed. R. App. P. 4(a)(5) or (6). Time for filing a notice of appeal runs from the date of *entry* of an order in compliance with Fed. R. Civ. P. 58 and 79(a). Jenkins v. Burtzloff, 69 F.3d 460, 461 (10th Cir. 1995). Under 4(a)(5), Petrick had thirty

---

[1] While these appeals were pending, the district court ruled that the order denying a certificate of probable cause was erroneous because this court had dismissed Petrick's appeal of the order dismissing his petition for habeas corpus relief. The district court ordered the denial of the certificate of probable cause stricken from the record and ruled Petrick's notice of appeal from that order was moot. However, the filing of the notice of appeal divested the district court of jurisdiction to sua sponte amend orders involved in the appeal. Garcia v. Burlington Northern R. Co., 818 F.2d 713, 722 (10th Cir. 1987). See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985).

days from entry of the order on October 30, 1995, to file his notice of appeal and thirty days from expiration of that period in which to file his request for extension of time. Under 4(a)(6), he had seven days from his receipt on December 22, 1995, of notice of entry of the order to file his request for an extension. Petrick's request which was filed on December 27, 1995, was timely.

Although Petrick's request was a timely motion for extension of time for appeal, we need not decide whether the district court erred in denying the motion because Petrick has not shown that he is entitled to a certificate of appealability. Under 28 U.S.C. § 2253, as amended by the Antiterrorist and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, an appeal may not be taken to the court of appeals from a final order in proceedings under 28 U.S.C. § 2254 unless the petitioner has obtained a certificate of appealability by making a substantial showing of the denial of a constitutional right.[2]

A certificate of probable cause under the former version of § 2253 was a jurisdictional prerequisite to appeals from final orders in habeas corpus proceedings. Smith v. Secretary of New Mexico Dept. of Corrections, 50 F.3d 801, 820 (10th Cir.), cert. denied 116 S. Ct. 272 (1995). We conclude a certificate of appealability under

---

[2] 28 U.S.C. § 2253 formerly required § 2254 petitioners to obtain a certificate of probable cause before an appeal could be taken. The Act changed the name of the certificate of probable cause to "certificate of appealability," but did not change the standard for granting a certificate. The amendment applies to proceedings for relief under § 2254 that, like this one, were pending on the effective date of the Act. See Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied 1996 WL 665079 (1997). We construe Petrick's appeal of the district court's denial of a certificate of probable cause as a request for a certificate of appealability.

§ 2253 remains a jurisdictional prerequisite to appeal. Thus, even if the district court erred in denying Petrick's request for an extension, we lack jurisdiction over Petrick's appeal from the dismissal of his petition if he is not entitled to a certificate of appealability.

Petrick has not made the substantial showing of denial of a constitutional right required for a certificate of appealability. He based his habeas petition on delay in the processing of his direct appeal in the Oklahoma Court of Criminal Appeals. See Harris v. Champion, 15 F.3d 1538 (10th Cir. 1994). However, the Oklahoma court eventually affirmed his conviction. Consequently, to be entitled to habeas relief, he must show actual prejudice arising from the delay; *i.e.*, he must show the appeal would have been decided differently but for the appellate delay. Id. at 1566.

Because Petrick is not entitled to a certificate of appealability, his challenge to the denial of his request for an extension of time to appeal is moot. Even if we were to conclude the district court abused its discretion in denying Petrick's request, we would lack jurisdiction over his appeal of the dismissal of his petition because we have denied him a certificate of appealability.

We deny Petrick a certificate of appealability and DISMISS case No. 96-7040. We DISMISS case No. 96-7045 as moot. The mandates shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-