**KPOD, LTD., an Ohio Limited Company, Plaintiff–Appellant,**

v.

**Bharat PATEL, Ashik Patel and PBA, LLC, a California Limited Liability Corporation, Defendants–Appellees.**

No. 00–56960.

D.C. No. CV–00–00334–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2002.

Decided May 15, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and CEBULL, District Judge.*

MEMORANDUM **

Plaintiff–Appellant KPOD, Ltd., challenges the district court's grant of summary judgment in favor of Defendant–Appellees Bharat and Ashik Patel ("the Patels"). The dispositive issue here is

whether the district court erred in holding that collateral estoppel precluded KPOD's federal court action. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

The preclusive effect of a state court decision is determined by the law of that state. *See Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 379–82, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Under California law, the doctrine of collateral estoppel will bar relitigation of an issue when: "(1) the issue is identical to that decided in a former proceeding; (2) the issue was actually litigated and (3) necessarily decided; (4) the doctrine is asserted against a party to the former action or one who was in privity with such a party; and (5) the former decision is final and was made on the merits." *Kelly v. Vons Cos., Inc.,* 67 Cal.App.4th 1329, 79 Cal.Rptr.2d 763, 769 (1988).

Here, the issues raised in KPOD's state and federal actions were identical because KPOD asserted the same factual allegations in its post-judgment motion and federal court complaint: the transfer of funds from PBA to the Patels' personal accounts. *See Younan v. Caruso,* 51 Cal.App.4th 401, 59 Cal.Rptr.2d 103, 107–08 (1996).

However, because the state court denied KPOD's motion without specifying the reason for its decision, we cannot tell whether the issue of alter-ego liability was actually litigated and necessarily decided.

The Patels rely on *Wall v. Donovan,* 113 Cal.App.3d 122, 169 Cal.Rptr. 644 (1980) to support their position that collateral estoppel should apply to the state court's sum-

* The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

516

mary denial of KPOD's post-judgment motion. In *Wall*, the California Court of Appeal held that "where the judgment is based upon the matters litigated as alternative grounds, the judgment is determinative on [all of those] grounds, although either alone would have been sufficient to support the judgment." 113 Cal.App.3d 122, 169 Cal.Rptr. 644 at 646 (internal quotations and citation omitted).

The facts of this case are distinguishable from *Wall* because in *Wall* the first decision was expressly grounded on an alternative basis. Here, however, the state court did not base its denial of KPOD's post-judgment motion on alternative grounds. Rather, the Patels *opposed* the motion on both procedural and substantive grounds and the state court summarily denied the motion without specifying the basis for its decision. Accordingly, we have no basis for knowing whether the state court based its decision on alternative grounds or whether it based its decision on substantive or procedural grounds alone. *See Henn v. Henn*, 26 Cal.3d 323, 161 Cal.Rptr. 502, 605 P.2d 10, 14 (1980) (preclusive effect does not apply to trial court's summary denial of appellant's motion when it was not possible to determine the basis for the trial court's decision).

Because the state court's decision does not indicate whether the issue of alter-ego liability was actually litigated and necessarily decided, the district court erred in granting summary judgment based on collateral estoppel.

REVERSED AND REMANDED.