FILED
United States Court of Appeals
Tenth Circuit

June 11, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELAINE SPENCER MARR;
ELLIOTT PAUL MOORE,

      Plaintiffs-Appellants,

v.

LARRY H. HUGHES; TOMMIE R.
HUGHES; COLORADO
DEPARTMENT OF
TRANSPORTATION,

      Defendants-Appellees.

No. 08-1378
(D.C. No. 1:07-CV-01746-WYD-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

Elaine Spencer Marr and Elliott Paul Moore appeal the dismissal of their

"Petition for Redress" as barred by the principles of claim preclusion and

res judicata.  Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The magistrate judge provided a detailed summary of this case's facts and procedural history, R., Vol. III, Doc. 33 at 2-5, and we need not restate either in detail here. Suffice it to say that Marr and Moore's appeal stems from their continued efforts to challenge the 2002 modification of an easement. In July 2004, they filed suit in Colorado state court against Larry H. Hughes, Tommie R. Hughes, and the Colorado Department of Transportation (CDOT), claiming trespass and seeking various forms of relief. In September 2005, the Chaffee County Colorado District Court issued its Findings and Verdict on Trial to the Court. Marr and Moore prevailed on three of their six claims against the Hugheses, while the CDOT prevailed on Marr and Moore's single claim against it.

Then, in August 2007, Marr and Moore filed in federal district court the "Petition for Redress," asserting their property was taken and damaged without notice, in violation of their state and federal due process rights. The case was referred to a magistrate judge who recommended dismissal of the case as barred by claim preclusion and res judicata, stating: "The two cases before the Court are identical. The parties and subject matter are the same. The only difference in this federal action is the legal theory upon which the plaintiffs now wish to proceed." *Id.* at 12; *see also id.* (observing that res judicata "bars relitigation not only of all issues actually decided, but of all issues that might have been decided" (quotation omitted)).

On de novo review, the district court agreed with the magistrate judge's analysis and affirmed and adopted her recommendation. This appeal followed. Liberally construing Marr and Moore's pro se appellate filings, *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), they apparently assert that (1) the interests of justice require this court to review their case, (2) the denial of their right to due process constitutes a separate cause of action that was not mentioned or litigated in state court, and (3) they were not given a full and fair opportunity to litigate their due process claim(s) in state court.

We review de novo the district court's dismissal of Marr and Moore's case. *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) ("The application of res judicata is a question of law which we review *de novo*." (citing *Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1467-68 (10th Cir. 1993)).

> "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute," 28 U.S.C. § 1738, which "directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327, 84 L. Ed.2d 274 (1985).

*Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008). Colorado rendered the judgment that the federal district court considered in dismissing Marr and Moore's case. We therefore apply the res judicata rules of Colorado. *Id.*

In Colorado, claim preclusion, or res judicata, "bars relitigation of claims or issues which were or could have been raised in a prior suit between the same parties." *Rantz v. Kaufman*, 109 P.3d 132, 138 (Colo. 2005) (quotation omitted). Indeed, it is "an absolute bar to relitigation . . . when, in both the prior and subsequent suits, there is identity of subject matter, identity of cause of action, identity of parties to the action, and identity of capacity in the persons against whom the claim is made." *Upper Eagle Reg'l Water Auth. v. Simpson*, 167 P.3d 729, 736 (Colo. 2007).

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we hold that Marr and Moore have failed to identify any reversible error in this case. We therefore AFFIRM the judgment of the district court for substantially the same reasons set forth in the magistrate judge's recommendation and in the district court's order accepting and affirming the magistrate judge's recommendation.

Entered for the Court

Mary Beck Briscoe
Circuit Judge