NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 10-4666
_____

JOSEPH COMPRELLI, M&J COMPRELLI
REALTY, LLC, JOSEPH SUPOR III, J.
SUPOR & SON TRUCKING & RIGGINGS
CO., INC. and S&B REALTY CO.,
                                        Appellants
                    v.

TOWN OF HARRISON, HARRISON
REDEVELOPMENT AGENCY, THE
TOWN COUNCIL OF THE TOWN OF
HARRISON, and PAUL J. ZARBETSKI,
CLERK OF THE TOWN OF HARRISON,

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:10-cv-03013)
District Judge:  Honorable Dickinson R. Debevoise

_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2011

Before: SLOVITER, VANASKIE, *Circuit Judges*
and STENGEL,* *District Judge*

(Filed: February 16, 2012)

_____

OPINION

_____

_____

   * Hon. Lawrence F. Stengel, United States District Court for the Eastern District of
Pennsylvania, sitting by designation.

STENGEL, *District Judge*.

This case involves a zoning dispute and concerns a lengthy history involving Appellants, Mr. Comprelli, M&J Comprelli Realty, Joseph Supor III, J. Supor & Son Trucking & Rigging Co., Inc. and S&B Realty (collectively "Comprelli"), and Appellees, the Town of Harrison (the "Town"), Harrison Redevelopment Agency (the "Agency"), the Town Council of the Town of Harrison (the "Council"), and Paul J. Zarbetski, Clerk of the Town of Harrison (the "Clerk").[1]

**I.**

Because we write primarily for the parties, our recitation of the facts and procedural history is brief. Since 1988, Comprelli has owned commercial surface parking lots (the "Parking Lot") located at 1000 Frank E. Rodgers Boulevard South in the Town of Harrison. In 1998, the Town Council adopted a redevelopment plan (the "Redevelopment Plan"), which encompassed Appellants' parking lots, changing the zoning such that surface parking lots were no longer a permitted use. In 2003, the Town adopted an amended Redevelopment Plan allowing for certain interim uses, including surface parking lots, subject to Planning Board approval.

In 2008 and 2009, Comprelli obtained licenses to operate up to 1,050 parking spaces on his lot. However, when Comprelli filed for yet another renewal of his licenses in 2010, the Clerk noticed that Comprelli had not filed the required plat showing the

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's grant of the motion to dismiss. *See Omnipoint Communications Enters., L.P. v. Newton Township*, 219 F.3d 240, 242 (3d Cir. 2000).

requested 1,050 spaces. The last plat on file was for 198 spaces, so the Clerk issued a

license for that amount and advised Comprelli that any increase in spaces would require

Planning Board approval.

Comprelli filed suit in federal court[2] and, in addition to this action, commenced

suit in the Superior Court of New Jersey in lieu of prerogative writs.[3] The state action

was dismissed by Judge Velazquez with prejudice for failure to exhaust administrative

remedies and failure to state a cause of action. On November 16, 2010, the District Court

entered an order dismissing Comprelli's Sherman Act claim pursuant to the *Parker*

doctrine[4] and dismissing the remaining claims as barred by *res judicata* based on the

State's order. After a motion for reconsideration, Judge Velazquez, modified the state

---

[2] Appellants claimed constitutional violations of equal protection (Count One), due process (Count Two), and improper restraint on and partial taking of property (Count Three). The complaint also alleged violations of the Sherman Act, 15 U.S.C. § 1, et seq. (Count Four) and § 1983 (Count Eight). Finally, Appellants asserted state law claims under the New Jersey Antitrust Act, N.J.S.A. 56:9-1, et seq. (Count Five), tortious interference with contractual relationships (Count Six), and tortious interference with prospective economic advantages (Count Seven).

[3] The state action alleges all of the same counts as the federal complaint, but does not include Federal Complaint Counts Four through Seven. *See Joseph Comprelli, et al. v. Town of Harrison, et al.* No. HUD-L-3169-10 (Oct. 19, 2010).

[4] The *Parker* doctrine or "state-action" doctrine shields state governments from antitrust liability for anti-competitive actions taken in their capacity as sovereigns to further policy goals. *Bedell Wholesale Co. v. Philip Morris Inc.*, 263 F.3d 239, 255 (3d Cir. 2001). The *Parker* doctrine applies indirectly to local municipalities where the suppression of competition is an authorized implementation of state policy. *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 370, 373 (1991).

court's dismissal order on January 13, 2011, dismissing Counts One through Three without prejudice.[5]

Despite the modified state court order for Counts 1-3, the District Court declined to exercise supplemental jurisdiction over the state law claims, as all federal causes of action were barred by either *res judicata* or the *Parker* doctrine. Comprelli timely appealed.

## II.

Comprelli claims that the District Court erred by finding that the federal claims were barred by the doctrine of *res judicata* because the claims were dismissed in error and the state court modified its dismissal of the state law claims to dismiss without prejudice. Comprelli also contends that the District Court erred by failing to exercise supplemental jurisdiction over the state law claims. We disagree.

*Res judicata* bars a subsequent suit on the same cause of action when there is a judgment in a prior suit involving the same parties. *CoreStates Bank, NA v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999). In applying the doctrine, the District Court must accord preclusive effect to the prior decisions of state courts. *Rycoline Prods., Inc. v. C & W Unltd.*, 109 F.3d 883, 887 (3d Cir. 1997). *See also Marrese v. Am. Acad. Of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985) (federal courts "look first at the state preclusion law in determining the preclusive effects of a state court judgment").

---

[5] The three counts were Count One (Inverse Condemnation), Count Two (Failure to Issue Required Parking License for 1,050 Spaces), and Count Three (Improper Revocation of Parking License).

4

Under New Jersey law, for the application of *res judicata* to a given action requires (1) the judgment in the first action is valid, final and on the merits[6]; (2) the parties in both actions are the same or are in privity; and (3) the claims in the second action arise from the same transaction or occurrence as the claims in the first. *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 412 (1991).

Appellants argue that the claims dismissed with prejudice were in error and thus cannot be banned by the doctrine of *res judicata*. The District Court properly stated, and we agree, that the preclusive effect of a final judgment cannot be challenged on the basis of "errors" in its legal conclusion. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action.").

Additionally, Appellants contend that because the state court's decision was amended, dismissing Counts One through Three without prejudice, the District Court erred in barring Appellants' claims under *res judicata*. Appellants' Br. at 23-25. As the District Court appropriately reasoned, "[w]ith the exception of the Sherman Act claims," the remaining counts dismissed without prejudice "arise under New Jersey law." Therefore, the district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000); 28 U.S.C. § 1367(c)(3). Accordingly, the

---

[6] It is well established that a "judgment entered 'with prejudice' is the equivalent of a judgment entered on the merits and is considered a final judgment." *Citizens Voices Ass'n v. Collings Lakes Civic Ass'n*, 396 N.J. Super. Ct. 432, 444 (App. Div. 2007).

5

District Court properly dismissed Counts Five, Six, and Seven as there were no remaining federal claims, and Appellants had an entirely adequate state court venue in which to pursue their claims.

Comprelli also argues that the District Court erred by dismissing his Sherman Act claim pursuant to the *Parker* doctrine because Appellees were motivated not by redevelopment but by monetary gain. We disagree.

Although under *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), the District Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff when considering a Rule 12(b)(6) motion, *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 545 (2007), held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." The District Court must distinguish between factual allegations and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Therefore, in analyzing the Appellants' Sherman Act claim, the Court must determine if the assertions in the complaint are enough to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As explained in *A.D. Bedell Wholesale Co. v. Philip Morris Inc.*, 263 F.3d 239, 254-55 (3d Cir. 2001), the *Parker* doctrine shields state governments from antitrust liability for anti-competitive actions taken in their capacity as sovereigns. The *Parker* doctrine does not apply directly to local municipalities; however, a municipality's restriction of competition may be an implementation of protected state policy. *City of Columbia v. Omni Outdoor Advertising,*

6

*Inc.*, 499 U.S. 365, 370 (1991). For instance, a local government's actions are protected under *Parker* where the "suppression of competition is the 'foreseeable result' of what the statute authorizes." *Id.* at 373. The statute at issue is New Jersey's Local Redevelopment and Housing Law N.J.S.A. 40A:12A-1, et seq., which is a zoning regulation that delegates broad authority to municipalities and redevelopment entities to rehabilitate blighted areas. *See* N.J.S.A. 40A:12A-8. The Supreme Court has held that "[t]he very purpose of zoning regulation is to displace unfettered business freedom in a manner that regularly has the effect of preventing normal acts of competition, particularly on the part of new entrants." *Omni*, 499 U.S. at 373.

Appellants argue that the *Parker* doctrine does not apply because "the purpose of Appellee's actions was not to further the Town's redevelopment plan," but rather monetary gain. Appellants' Br. at 7, 37. Therefore, its actions were not taken in connection with a valid redevelopment plan, and cannot be protected as such. The District Court did not err in finding that "nothing in Plaintiffs' complaint suggests that the Town's actions were not taken in connection with a valid redevelopment plan." Appellants' legal conclusions were unsupported, and the District Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1950. Therefore, we find that the District Court properly dismissed Appellants' Sherman Act claim.

## III.

7

For the foregoing reasons, we will affirm the District Court's dismissal in all respects.