**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLA CARR, an individual, | No.    16-56553 |
| Plaintiff-Appellant, | DC No. CV 16-0506 GHK |
| v. | |
| LOS ANGELES COUNTY DEPARTMENT OF AUDITOR-CONTROLLER, a local public entity; DOES, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted March 6, 2018**
Pasadena, California

Before:    REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

Carla Carr appeals the district court's dismissal on claim preclusion grounds

of her employment discrimination action against the Los Angeles County

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Department of the Auditor-Controller (the "County"). Because Carr's federal

action seeks redress for the same injuries as her prior state court lawsuit, which

was resolved against her on the merits, Carr's federal action is barred by California

claim preclusion law. We therefore affirm.

1.      Carr contends that her federal action involves a different primary right

than her California state court lawsuit. "In determining the preclusive effect of a

state-court judgment, this court must 'refer to the preclusion law of the State in

which judgment was rendered.'" *Diruzza v. Cty. of Tehama*, 323 F.3d 1147, 1152

(9th Cir. 2003) (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S.

373, 380 (1985)). In California, res judicata applies if:

> (1) A claim or issue raised in the present action is identical to a claim
> or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final
> judgment on the merits; and (3) the party against whom the doctrine is being
> asserted was a party or in privity with a party to the prior proceeding.

*People v. Barragan*, 83 P.3d 480, 492 (Cal. 2004) (internal citations and quotation

marks omitted). Carr concedes that the second and third elements apply.

To determine whether a claim is identical to a claim litigated in a prior

proceeding, California courts apply the "primary rights theory." *Boeken v. Philip

Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010). Under that theory, a "cause of

action is the right to obtain redress for a harm suffered, regardless of the specific

2

remedy sought or the legal theory . . . advanced." *Id.* "[T]he determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.*; *accord Adam Bros. Farming, Inc. v. Cty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010).

Carr's federal action is premised on the same injuries – the County's adverse employment actions – as her California state court lawsuit; the federal complaint differs from the state complaint only in its allegations about the County's discriminatory motivations. The two lawsuits involve different legal theories, but seek to vindicate the same primary rights. Moreover, Carr was aware of and able to raise her race discrimination claims in state court. In fact, Carr alleged race discrimination on charges filed with the California Department of Fair Employment and Housing *prior* to her state court suit. Carr's federal action is therefore barred by California claim preclusion law.[1]

**2.** Carr also contends that her federal action is premised on different harms than those litigated in state court because her substantive due process claim seeks redress for the County's racially discriminatory litigation conduct.

---

[1] Because we affirm the district court's dismissal on claim preclusion grounds, we do not reach the County's alternative argument that Carr's federal claims are barred by the statute of limitations.

3

However, Carr's complaint includes no factual allegations or legal contentions related to the County's conduct during the state court lawsuit or administrative proceedings; it is entirely focused on the County's adverse employment actions. Carr has not identified any factual allegations suggesting that leave to amend to develop her discriminatory litigation claim would be anything but futile. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008).

• ● •

The judgment of the district court is **AFFIRMED**.