21-1164-bk
*In re Aurora Com. Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand twenty-two.

PRESENT:
>JON O. NEWMAN,
>DENNY CHIN,
>RICHARD J. SULLIVAN,
>>*Circuit Judges.*

_____

IN RE: AURORA COMMERCIAL CORP., Debtor,

_____

NANCY M. HORNER,

>*Appellant,*

>v.                                                                                          No. 21-1164

AURORA COMMERCIAL CORP.,

>*Appellee.*

_____

FOR APPELLANT:                                    NanCy M. Horner, pro se,
                                                   Long Beach, CA.

FOR APPELLEE:                                      Kyle J. Ortiz, Patrick Marecki,
                                                   Eitan Blander, Togut, Segal &
                                                   Segal LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant NanCy M. Horner, pro se, filed two claims in the Chapter 11 bankruptcy proceedings of Appellee Aurora Commercial Corporation ("Aurora") and its wholly owned subsidiary, Aurora Loan Services LLC ("ALS"). She alleged that Aurora and ALS were responsible for a fraudulent note and deed of trust that – after being assigned to other entities – led to foreclosure proceedings on her California property. She requested damages and a declaratory judgment to quiet title. The bankruptcy court concluded that her claims were barred by res judicata based on a 2012 action to quiet title she had filed against Aurora in California state court, which had resulted in a judgment of non-suit. The bankruptcy court also denied Horner's request for an evidentiary hearing. The district court affirmed

the bankruptcy court's judgment.   Horner now appeals to us, arguing that (1) the district court and bankruptcy court erred in concluding that res judicata barred her claim and (2) the bankruptcy court erred in denying her the requested evidentiary hearing.   We assume the parties' familiarity with the underlying facts and the procedural history of the case.

"A district court's order in a bankruptcy case is subject to plenary review," meaning that we "undertake[] an independent examination of the factual findings and legal conclusions of the bankruptcy court."   *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) (citation omitted).   We review conclusions of law de novo and findings of fact for clear error.   *In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003).   We will sustain a bankruptcy court's factual findings under the clear-error standard if its "account of the evidence is plausible in light of the record viewed in its entirety." *In re Cacioli*, 463 F.3d at 234 (citation omitted).

In considering the preclusive effect of a state-court judgment in a subsequent federal lawsuit, federal courts look to the law of the state in which the earlier judgment was rendered.   *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).   In California, res judicata applies when:   "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior

3

proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010) (citation omitted). "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have consistently applied the 'primary rights' theory." *Id.* (citation and quotation marks omitted). Under the primary rights theory, courts examine whether the suits are based upon the same "right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory . . . advanced," such that, when two actions "seek compensation for the same harm, they generally involve the same primary right." *Id.* at 798.

Here, the district court and bankruptcy court correctly held that res judicata bars Horner's claims. The parties do not dispute that they were both involved in the 2012 action, and a judgment of non-suit constitutes a final judgment on the merits. *See, e.g.*, *In re Daly's Estate*, 15 Cal. App. 329, 330–31 (1911) (explaining that "[a] motion for a nonsuit presents a question of law [and] . . . is tantamount to a demurrer to the evidence"). Accordingly, the only remaining question is whether the two cases involve identical causes of action under the primary rights theory.

They do.   In the 2012 action, Horner sought to quiet title on her property and alleged that she had "made, executed or otherwise signed and[/]or delivered a document entitled 'Deed of Trust' . . . which was incorrect, false, and[/]or otherwise misplaced and untrue, due to [Aurora's] actions in creating and[/]or otherwise generating said [deed of trust] as well as [its] subsequent actions regarding said [deed of trust.]"   Dist. Ct. Doc. No. 8-117, Ex. B at 38–39.   She claimed that Aurora thus did not have an interest in the property.   *Id.* at 39.   In this action, Horner is again seeking to quiet title to the same property, although she also requests money damages.   She argues that Aurora has clouded her title because of its "confusing, everchanging and dissembling actions," and she asserts that the deed of trust was forged.   Dist. Ct. Doc. No. 23-2 at 9–10.   The 2012 action and the bankruptcy filing thus seek redress for the same wrong:   an allegedly unlawful deed of trust.

Horner's arguments to the contrary are unavailing.   She asserts that res judicata does not apply because her current claims are based in "new rights acquired" after the 2012 action, both because the ensuing foreclosure changed the nature of the action and because her later discovery that the deed of trust was forged renders this a distinct claim.   Horner's Opening Br. at 12–13 (citation

5

omitted).  But the factual developments surrounding the foreclosure do not change the nature of the action, which concerns her "right to possess [her] property unencumbered by a legally deficient debt," just as her prior action did. *In re: Aurora Com. Corp.*, Nos. 19-B-10843 (SCC), 20-cv-742 (RA), 2021 WL 1255668, at *4 (S.D.N.Y. Apr. 1, 2021).  Furthermore, Horner alleged in the 2012 action that the deed of trust was "incorrect, false, and[/]or otherwise misplaced and untrue," so there are no new facts here that could give rise to the vindication of a different primary right.  Dist. Ct. Doc. No. 8-117, Ex. B at 39.

Horner also asserts that the district court's reliance on an unpublished state-court opinion in applying California res judicata law was improper under California practices.[1]  California's citation rules are of no moment, however, because we are obliged to review the bankruptcy court's decision directly, with no deference due to the judgment or reasoning of the district court.  Upon such a review, we hold that the bankruptcy court correctly applied California's law of res judicata to bar Horner's claims.

---

[1] Horner accuses Aurora of similar improprieties in citing unpublished cases without providing her with copies of those cases pursuant to Federal Rule of Appellate Procedure 32.1(b).  That rule, however, does not apply to opinions that are "available in a publicly accessible electronic database," which the Advisory Committee Notes indicate include "commercial database[s]" such as Westlaw.  Fed. R. App. P. 32.1(b); *id.* advisory committee's notes to 2006 adoption.  All decisions that Aurora cites are available on Westlaw, so Aurora has violated no rule.

Nor can it be said that the bankruptcy court abused its discretion in denying Horner an evidentiary hearing. A bankruptcy court has the discretion not to conduct a hearing if "the record provide[s] ample evidence on which the court could make [its] [] decision." *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1313 (2d Cir. 1997). Horner acknowledged that the record spanned over 400 pages but nevertheless requested a hearing to provide "one document" regarding a check issued to her in 2010 by Aurora Loan Services, Inc. ("ALSC"), a company that "converted to" ALS in January 2005. Dist. Ct. Doc. No. 35 at 17, 20–21. She asserts that the check would have constituted evidence of fraud. ALSC was not a party to the action in bankruptcy court, however, and Horner does not articulate how a check from ALSC – even if from 2010, after the company allegedly dissolved – would be relevant to her claims based on the allegedly forged deed of trust. Given the extensive record and Horner's failure to articulate the relevance of the proposed additional evidence, the bankruptcy court reasonably denied her request for an evidentiary hearing.

We have considered Horner's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7