FILED
United States Court of Appeals
Tenth Circuit

October 3, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FUNDAMENTAL ADMINISTRATIVE
SERVICES, LLC; FUNDAMENTAL
CLINICAL CONSULTING, LLC,

     Plaintiffs - Appellants,

v.

SETH T. COHEN, as Personal
Representative for the Estate of Tessie
Hammann, deceased; VICKI MONTANO,

     Defendants - Appellees.

No. 17-2025
(D.C. No. 1:16-CV-00212-MCA-GJF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HOLMES**, Circuit Judges.
_____

    Fundamental Administrative Services, LLC, and Fundamental Clinical Consulting,

LLC (collectively, "Fundamental"), appeal from a district court order that dismissed their

complaint to compel arbitration. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

BACKGROUND

In January 2014, Tessie Hammann was admitted to the Casa Arena Blanca Nursing Center in New Mexico.  As part of the admission process, her daughter and attorney in fact, Vicki Montano, executed an agreement requiring arbitration of "serious disputes, regardless of their cause or legal basis, involving an individual resident (or an individual resident's representative, family, heirs, assigns, etc.)."  Aplt. App., Vol. I at 41. The agreement also contained a delegation clause, stating that "any disagreements regarding the applicability, enforceability or interpretation of th[e] Agreement will be decided by the arbitrator and not by a judge or jury."  *Id.* at 42.

Ms. Hammann died not long after her admission to the Center.  The personal representative of her estate, Seth Cohen, and Ms. Montano filed a wrongful-death action in state court against Fundamental, which provided management and consulting services to the Center.  Eight months later, Fundamental filed in federal district court a complaint to compel arbitration based on the arbitration agreement that Ms. Montano had signed on Ms. Hammann's behalf.

Mr. Cohen and Ms. Montano then filed in state court a motion to determine arbitrability.  The state court ruled that Fundamental could not enforce the arbitration agreement because Fundamental was neither a signatory to, nor a third-party beneficiary of, the agreement.[1]  Fundamental sought review in the New Mexico Court of Appeals.

---

[1] The state court also ruled that the arbitration agreement was unconscionable because it allowed the Center to pursue actions against its residents in a judicial forum but limited serious claims brought by residents and their representatives to arbitration.

2

When the federal district court learned of the state court's arbitrability ruling, it invited briefing on the ruling's res-judicata effect. The district court then dismissed Fundamental's complaint as precluded by res judicata. Fundamental now appeals.

## DISCUSSION[2]

The applicability of res judicata is a question of law that we review de novo. *See Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1467-68 (10th Cir. 1993). To determine the preclusive effect of a state court judgment in a subsequent federal lawsuit, we use the preclusion law of the state in which the prior judgment was rendered. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).

Under New Mexico law, "[t]he doctrine of claim preclusion, or res judicata, bars re-litigation of the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits." *Bank of N.Y. v. Romero*, 382 P.3d 991, 996 (N.M. Ct. App. 2016) (internal quotation marks omitted). The doctrine has "four requirements: (1) the parties must be the same, (2) the cause of action must be the

---

[2] Mr. Cohen and Ms. Montano state they now "consent[ ] to the arbitration of their [wrongful-death] claims" as "the only way to reach a [timely] resolution of this matter." Aplee. Br. at 4. They "request[ ] that this Court remand to the district court with instructions to refer this case to arbitration." *Id.* at 5. But they "strenuously disagree" with Fundamental's appellate arguments and they "ask this Court not to reach the merits of [those] arguments." *Id.* at 4, 5. Fundamental objects to this proposal and insists that its appeal be resolved on the merits. We reject Mr. Cohen and Ms. Montano's proposal as it essentially asks us to disregard the state court's decision, which we may not do, *see* 28 U.S.C. § 1738 (requiring that state "judicial proceedings" be given "the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State"). Further, Mr. Cohen and Ms. Montano's offer to consent to arbitration does not moot this appeal. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam) ("In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)).

same, (3) there must have been a final decision in the first suit, and (4) the first decision must have been on the merits." *Id.* (internal quotation marks omitted). Fundamental challenges the second and fourth requirements, arguing that the causes of action were not the same and that the state court's decision was not on the merits.

As for the claim's similarity, Fundamental contends the state case involved the arbitrability of Mr. Cohen and Ms. Montano's wrongful-death action, whereas the federal case involved the antecedent issue of who should decide arbitrability—an arbitrator or a court. To be accurate, though, Fundamental raised both points in the district court. Specifically, Fundamental asserted that either (a) the arbitration agreement's delegation clause required arbitration of the arbitrability issue, but if not, then (b) Fundamental had the authority to enforce the arbitration agreement and could compel arbitration of the wrongful-death action.

The district court concluded that the arbitration claim in the state and federal proceedings was the same for res judicata purposes. We agree.

New Mexico courts follow the transactional approach to identifying claims. That approach "considers all issues arising out of a common nucleus of operative facts [to be] a single [claim]." *Potter v. Pierce*, 342 P.3d 54, 57 (N.M. 2015) (internal quotation marks omitted). "The facts comprising the common nucleus should be identified pragmatically, considering (1) how they are related in time, space, or origin, (2) whether, taken together, they form a convenient trial unit, and (3) whether their treatment as a single unit conforms to the parties' expectations or business understanding or usage." *Id.* (internal quotation marks omitted).

4

At its core, this case is about Fundamental's attempt to invoke the arbitration agreement and keep Mr. Cohen and Ms. Montano's wrongful-death action out of court. Whether the claim is presented in terms of arbitrability on the one hand, or the determination of arbitrability on the other hand, the claim originates from the same source—the arbitration agreement. Further, the facts form a convenient unit, as they present contractual issues of intent to arbitrate, *see, e.g.*, *Ragab v. Howard*, 841 F.3d 1134, 1137 (10th Cir. 2016), intent as to whether arbitrability questions should themselves be arbitrated, *see, e.g.*, *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1281 (10th Cir. 2017), and intent to benefit a third party, allowing enforcement of the agreement by a nonsignatory such as Fundamental, *see, e.g.*, *O'Connor v. R.F. Lafferty & Co.*, 965 F.2d 893, 901 (10th Cir. 1992). Finally, it is difficult to see how treating the two arbitrability issues as a single unit would violate the parties' expectations. In particular, Mr. Cohen and Ms. Montano's state court motion to determine arbitrability sought relief under N.M. Stat. Ann. § 44-7A-8(b), which requires a summary judicial proceeding when arbitration has been threatened and the party opposing arbitration claims "there is no agreement to arbitrate." And significantly, Fundamental states on appeal that it "fairly invoked the Delegation Clause in State Court" by submitting its "federal briefs . . . to the State Court" and "ask[ing] the State Court to consider [them] before deciding [the § 44-7A-8(b)] Arbitrability Motion." Aplt. Opening Br. at 27-28. Under these circumstances, the parties could expect the antecedent and substantive arbitrability issues to be examined by both courts.

5

Thus, we conclude that the state and federal cases involved the same claim because the issues presented arose out of a common nucleus of operative facts.[3]

In regard to the fourth res-judicata factor—whether the first decision was on the merits—Fundamental argues that the state court did not decide its delegation-clause claim that only an arbitrator could decide arbitrability. Granted, the state court did not mention that clause in its arbitrability order. But Fundamental placed the claim "front and center" in its federal briefs that it submitted to the state court. *Id.* at 27. And in proceeding under N.M. Stat. Ann. § 44-7A-8(b), the state court was tasked with deciding whether there was an enforceable arbitration agreement. The state court answered that question in the negative, applying principles of contract formation and concluding that Fundamental was not a party to the agreement or even a third-party beneficiary who could enforce the agreement. Thus, the state court necessarily rejected Fundamental's attempt to use the delegation-clause to obtain arbitration of arbitrability.

On a related point, Fundamental argues the state court lacked authority to issue a judgment on arbitrability. Fundamental asserts that only an arbitrator had "the power to decide arbitrability." Aplt. Opening Br. at 16. Fundamental's argument lacks merit.

---

[3] To the extent Fundamental relies on *Belnap* to argue that the claims in the state and federal courts were "entirely distinct," Aplt. Opening Br. at 17, that reliance is misplaced. *Belnap* simply noted that "questions of arbitrability encompass two types of disputes: (1) disputes about whether a particular merits-related dispute is arbitrable because it is within the scope of a valid arbitration agreement, and (2) threshold disputes about who should have the primary power to decide whether a dispute is arbitrable." 844 F.3d at 1280 (citation, emphases, and internal quotation marks omitted). *Belnap* did not involve res judicata. And in the instant case, both types of dispute were present in the state and federal courts. Indeed, as already indicated, Fundamental asked the state court to consider the same merits-related and antecedent arbitrability issues it was asserting in federal court.

The state court acted under the authority granted by N.M. Stat. Ann. § 44-7A-8(b) to examine whether there was an enforceable arbitration agreement. That examination covers antecedent questions of who decides arbitrability, as well as the arbitrability of the merits. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010) (indicating that a delegation provision requiring arbitration of gateway questions, such as arbitrability, "is simply an additional, antecedent agreement the party seeking arbitration asks the . . . *court* to enforce" (emphasis added)); *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016) (explaining that "if the party seeking arbitration points to a purported delegation clause, the court's analysis is limited. It performs the first step—an analysis of contract formation—as it always does. But the only question, *after finding that there is in fact a valid agreement*, is whether the purported delegation clause is in fact a delegation clause—that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated" (emphasis added)); *Felts v. CLK Mgmt., Inc.*, 254 P.3d 124, 131 (N.M. Ct. App. 2011) ("[W]hen deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally should apply ordinary state-law principles that govern the formation of contracts." (ellipsis and internal quotation marks omitted)). To the extent Fundamental is actually arguing the state court's judgment is *erroneous*, the proper avenue for that argument is its appeal in state court.

**CONCLUSION**

The judgment of the district court is affirmed.

Entered for the Court


Jerome A. Holmes
Circuit Judge