NOT FOR PUBLICATION



**FILED**

**FEB 2 2021**

**SUSAN M. SPRAUL, CLERK**
**U.S. BKCY. APP. PANEL**
**OF THE NINTH CIRCUIT**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>GARY E. MOLL,<br><br>      Debtor. | BAP No. CC-20-1002-TGK<br><br>Bk. No. 2:15-bk-28128-RK |
| GARY SALZMAN,<br><br>      Appellant,<br><br>v.<br><br>LISA WATSON, as Executor of the Estate<br>of Gary E. Moll, Deceased,<br><br>      Appellee. | Adv. No. 2:16-ap-01057-RK<br><br>**MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Robert N. Kwan, Bankruptcy Judge, Presiding

Before: TAYLOR, GAN, and KLEIN,\*\* Bankruptcy Judges.

## I. INTRODUCTION

Gary Salzman unsuccessfully sued Gary Moll in a California state

court. Despite determinations that his claims were time-barred, that he

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

\*\* The Honorable Christopher M. Klein, U.S. Bankruptcy Judge for the Eastern

1

failed to provide evidence of compensable damages, and that he was barred from any recovery against Mr. Moll by the doctrine of unclean hands, he continued to pursue an adversary proceeding seeking recovery on a claim identical to one in his state court complaint and seeking a nondischargeable judgment against Mr. Moll. Even Mr. Moll's death failed to deter him.

The bankruptcy court held a default prove-up hearing, concluded that claim and issue preclusion barred all of Mr. Salzman's claims, and entered judgment against him.

We AFFIRM.

## II. FACTS [1]

Prepetition, Mr. Moll represented Mr. Salzman in state court litigation against Dawn Phillips, Mr. Salzman's former girlfriend. The complaint sought approximately $50,000 in actual damages and punitive damages under various tort theories arising from her alleged theft of funds from his credit union account. But after the state court set aside a default judgment, Mr. Salzman terminated Mr. Moll's legal representation and continued to litigate the tort action pro se. Eventually he obtained a $75,332.18 judgment, which included the amount allegedly stolen, plus

District of California, sitting by designation.

[1] The Panel issued an order dispensing with the appendix and permitting the appeal to proceed on the original record. We exercise our discretion to review the bankruptcy court's dockets, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

interest, costs, and attorney's fees, and a $19,246.63 reimbursement from his credit union. He also benefitted from a $38,307.38 restitution award in criminal proceedings.

Notwithstanding ultimate victory, Mr. Salzman filed a state court legal malpractice and breach of fiduciary duty action against Mr. Moll ("Case 1"). Mr. Moll then filed his chapter 7[2] case, and Mr. Salzman timely initiated nondischargeability litigation that eventually included §§ 523(a)(2), (a)(4), and (a)(6) and breach of fiduciary duty causes of action.[3] In a nutshell, Mr. Salzman alleged that Mr. Moll concealed problems with his claims against Ms. Phillips to induce him to file litigation against her and hire Mr. Moll as his counsel.

Although the state court dismissed Case 1 for lack of prosecution, Mr. Salzman sought stay relief to proceed with Case 1. Despite his awkward wording, no one disputes the bankruptcy court's conclusion that Mr. Salzman obtained stay relief to broadly litigate his claims against Mr. Moll in State Court.

After entry of the stay relief order, Mr. Salzman filed another state

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[3] By the time Mr. Salzman filed his first amended complaint, Mr. Moll's chapter 7 trustee had filed a report of no distribution. Thus, Mr. Salzman's breach of fiduciary claim is not recoverable from Mr. Moll's bankruptcy estate; obtaining a reversal of the bankruptcy court's dismissal of this claim would be a hollow victory. Further, the claim can be fully liquidated as part of the nondischargeability claims. Notwithstanding, we will separately address it because Mr. Salzman and the bankruptcy court treated it as a stand-alone claim.

court action against Mr. Moll seeking recovery on theories of fraud, intentional infliction of emotional distress, violations of California Business & Professions Code § 17200 *et seq.*, and breach of fiduciary duty ("Case 2"). The bankruptcy court allowed the adversary proceeding to lie dormant pending the resolution of that state court action.

Mr. Moll was inactive in Case 2, but, after a default prove-up hearing, the state court entered judgment in Mr. Moll's favor ("State Court Judgment"). The state court reasoned that the entire action was actually a malpractice claim and that the applicable statute of limitations barred it. It also found that Mr. Salzman failed to prove damages and that the doctrine of unclean hands further barred any recovery. The court of appeal affirmed the State Court Judgment; the California Supreme Court denied review.

With the State Court Judgment in hand, Mr. Moll pressed the bankruptcy court to dismiss. But the bankruptcy court, instead, considered the matter through another "default prove-up" hearing. It required Mr. Salzman to provide evidence of his entitlement to a default judgment and to specifically address the impact of the State Court Judgment on his claims.

After considering Mr. Salzman's written and oral submissions, the bankruptcy court determined that Mr. Salzman was not entitled to judgment under any circumstances because he could not establish the existence of an enforceable obligation under non-bankruptcy law based on the issue- and claim-preclusive effect of the State Court Judgment.

4

Specifically, the bankruptcy court determined that: (1) claim preclusion barred Mr. Salzman's breach of fiduciary duty claim; and (2) issue preclusion barred Mr. Salzman's § 523 claims.

Thus, the bankruptcy court entered judgment denying and dismissing with prejudice the adversary proceeding.

Mr. Salzman timely appealed.

## III. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## IV. ISSUE

Did the bankruptcy court err in denying Mr. Salzman a default judgment and dismissing the adversary proceeding with prejudice?

## V. STANDARDS OF REVIEW

We review a bankruptcy court's denial of a default judgment for an abuse of discretion. *Oregon v. Mcharo (In re Mcharo)*, 611 B.R. 657, 660 (9th Cir. BAP 2020). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

We review de novo a bankruptcy court's conclusions of law. *Cacique, Inc. v. Robert Reiser & Co*, 169 F.3d 619, 622 (9th Cir. 1999). We also review de novo a bankruptcy court's determination that claim preclusion and

issue preclusion are available. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 849-50 (9th Cir. 2000). If issue preclusion is available, we review its application for an abuse of discretion. *Black v. Bonnie Springs Fam. Ltd. P'ship (In re Black)*, 487 B.R. 202, 210 (9th Cir. BAP 2013).

## VI. DISCUSSION

On appeal, Mr. Salzman broadly claims that the bankruptcy court applied the incorrect legal standard in employing the principles of claim preclusion and issue preclusion. While we liberally construe his pro se brief, *Nordeen v. Bank of Am., N.A. (In re Nordeen)*, 495 B.R. 468, 483 (9th Cir. BAP 2013), he fails to present any fact or legal argument supporting reversal.

### A. The applicable legal standards

A bankruptcy court gives a state court judgment the same preclusive effect as would another court of that state. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Thus, California preclusion law applies here.

In California, claim preclusion prevents a party from relitigating the same claim against the same party when that claim proceeded to a final judgment on the merits in a prior action. *Adam Bros. Farming, Inc. v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1148-1149 (9th Cir. 2010) (citing *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002)).[4]

---

[4] Mr. Salzman asserts that the bankruptcy court could not give preclusive effect to the State Court Judgment because the adversary proceeding was filed before the

6

And in California, issue preclusion prevents relitigation of issues argued and decided in a prior proceeding if six criteria are met: (1) the issue to be precluded from relitigation is identical to that decided in a former proceeding; (2) the issue to be precluded was actually litigated in the former proceeding; (3) the issue to be precluded was necessarily decided in the former proceeding; (4) the decision in the former proceeding was final and on the merits; (5) the party against whom preclusion is sought was the same as, or in privity with, the party to the former proceeding; and (6) application of issue preclusion is consistent with the public policies of preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 & 343 (1990).

## B. The bankruptcy court did not err in applying claim preclusion.

The bankruptcy court correctly articulated the legal standards for claim preclusion, addressed each of the required claim preclusion elements, and then correctly determined that claim preclusion barred Mr. Salzman's breach of fiduciary duty claim.[5] As explained by the

---

judgment was entered. He misunderstands the law. Under California law, "where parallel litigation is pending in different tribunals, the first case to reach final judgment is accorded preclusive effect, regardless of the order in which the cases were filed." *Sosa v. DIRECTTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) (citations omitted).

[5] Mr. Salzman contends that the bankruptcy court erred by applying claim preclusion to his nondischargeability claims. He is mistaken; the bankruptcy court only applied issue preclusion to his nondischargeability claims.

bankruptcy court, the breach of fiduciary duty claim is essentially a verbatim re-allegation of Mr. Salzman's Case 2 breach of fiduciary duty claim. Thus, given that the State Court Judgment was final, adverse to Mr. Salzman, and on the merits, he was not entitled to any relief on this claim.

**C. The bankruptcy court did not err in applying issue preclusion.**

The bankruptcy court likewise did not err or abuse its discretion in determining that issue preclusion was available and should be applied to Mr. Salzman's claims for nondischargeability of debt under §§ 523(a)(2)(A), (a)(4), and (a)(6).

Mr. Salzman does not contest the bankruptcy court's determination that his nondischargeability claims are premised on allegations of fraud and breach of fiduciary duty. But mere allegations are not enough; he was required to prove damages caused by Mr. Moll's alleged fraud or fiduciary duty breach. *See Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010) (regarding § 523(a)(6) elements); *Banks v. Gill Distrib. Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 870 (9th Cir. 2001) (regarding § 523(a)(4) elements); *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman),* 234 F.3d 1081, 1085 (9th Cir. 2000) (regarding § 523(a)(2) elements).

In the State Court Judgment, the state court characterized Mr. Salzman's five state court claims as arising from alleged legal malpractice. Mr. Salzman argues that the state court never ruled on his

8

fraud and breach of fiduciary duty claims and that his re-labeled theories of recovery remain unadjudicated. He is wrong.

All of Mr. Salzman's claims, both in the state court and in the adversary proceeding, arise from the same nucleus of common facts related to Mr. Moll's actions as his attorney in the Phillips litigation. And the state court found that Mr. Salzman failed to prove that Mr. Moll's actions damaged him, and he had more than mitigated his alleged damages by ultimately obtaining a default judgment. The court of appeal affirmed, determining that "the judgment in favor of Moll is proper because Salzman has not demonstrated he is entitled to recover any damages against Moll." *Salzman v. Watson*, No. B284969, 2018 WL 5862789, at *3 (Cal. Ct. App. Nov. 9, 2018), *as modified on denial of reh'g* (Nov. 30, 2018), *review denied* (Jan. 23, 2019). Moreover, the court of appeal arrived at this conclusion notwithstanding Mr. Salzman's argument that the state court erred in "analyzing [Case 2] as one for legal malpractice only and failing to address his causes of action for fraud, intentional infliction of emotional distress, and unfair competition[.]" *Id.* Accordingly, we agree with the bankruptcy court that the issue of a debt for Mr. Salzman's fraud and breach of fiduciary duty claims was "actually litigated" and "necessarily decided" by the state court through its findings, which were upheld on appeal.

Nevertheless, Mr. Salzman contends that the bankruptcy court erred by failing to recognize that it had discretion in giving preclusive effect to the State Court Judgment. Not so; the bankruptcy court was mindful that it

9

had discretion and applied issue preclusion only after concluding that its application was consistent with the public policies of preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation.

Here, the record indicates that Mr. Salzman was afforded a full and fair opportunity to prove his case before the California courts[6] and to challenge the preclusive effect of the State Court Judgment in the bankruptcy court. He failed in both regards.[7]

Mr. Salzman's last ditch defense on appeal rests on arguments that the State Court Judgment was "oppressive." Among other things, he contends that the state court improperly engaged in an independent investigation regarding the criminal case against Ms. Phillips and otherwise ignored certain evidence. But he waived these arguments by failing to make them before the bankruptcy court. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). And we are unable to find any evidentiary support for the arguments; the record evidences that they were raised before, and dismissed as baseless by, one or both of the state court and

---

[6] The court of appeal determined that "the trial court gave Salzman notice that it found the evidence supporting his damages claims to be insufficient, and the court provided Salzman an opportunity to submit additional evidence. Salzman did not submit sufficient evidence entitling him to relief." *Id*. at *4.

[7] While Mr. Salzman complained that the judgment he obtained against Ms. Phillips proved unrecoverable, an attorney is not a guarantor of collection. Therefore, the only damages that appear to be appropriately alleged were for excessive fees paid to Mr. Moll. Indeed, the state court so found. And as to attorney's fees allegedly paid, the state court found that Mr. Salzman failed to present any competent

state court of appeal.

## VII. CONCLUSION

Based on the foregoing, we AFFIRM.

---

supporting evidence.