# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2025

Lyle W. Cayce
Clerk

—————————

No. 20-60744

—————————

Barrett Baria; Edward Zielinski; Lorraine Zielinski, *as named Plaintiffs representing a class* of Mississippi citizens,

*Plaintiffs—Appellants*,

*versus*

Singing River Electric Cooperative, *also known as* Singing River Electric Power Association,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CV-248

———————————————————————

Before Richman, Graves, and Ho, *Circuit Judges*.

Priscilla Richman, *Circuit Judge*:[*]

Members of the Singing River Electric Cooperative sued the co-op (Singing River), claiming that it is obligated to return certain excess revenues to the members. Singing River moved to compel arbitration of these claims, but the district court denied the motion. Singing River then filed an interlocutory appeal in this court pursuant to 9 U.S.C. § 16(a). Singing River

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-60744

also moved to dismiss the members' claims, and the district court granted the motion. The members now appeal the dismissal. Under the Supreme Court's recent decision in *Coinbase, Inc. v. Bielski*,[1] the district court was required to stay its proceedings following the interlocutory appeal and should not have ruled on the motion to dismiss. We vacate the district court's order.

## I

Barrett Baria and the other plaintiffs (The Members) are current or former member-owners of the Singing River Electric Cooperative. Singing River is a non-profit electric power association operating pursuant to the Mississippi Electric Power Association Law.[2] Under § 235 of that law, "[r]evenues and receipts not needed" for statutorily approved purposes "shall be returned to the members by such means as the board may decide."[3] The Members sued Singing River in Mississippi state court, alleging that Singing River failed to return certain excess revenues and receipts to The Members. Singing River removed the case to federal court and moved to compel arbitration pursuant to an arbitration provision in its bylaws.

The district court initially granted Singing River's motion to compel arbitration. Then, the court reversed course and granted The Members' motion for reconsideration of the order granting the motion to compel. Singing River filed an appeal of the order granting the motion for reconsideration under 9 U.S.C. § 16(a)(1)(B), which "authorizes an

---

[1] 599 U.S. 736 (2023).

[2] *See* Miss. Code Ann. § 77-5-201 *et seq.* (2016).

[3] *Id.* § 77-5-235 (2016).

No. 20-60744

interlocutory appeal from the denial of a motion to compel arbitration."[4] That interlocutory appeal is pending before this court in a separate proceeding—Case No. 20-60312.

After filing the interlocutory appeal, Singing River filed a motion in the district court to stay proceedings pending the appeal, and the district court deferred consideration of the motion. Singing River then filed a motion in the district court to dismiss The Members' complaint, arguing that The Members had no vested right to Singing River's capital and that Singing River's board had discretion under Mississippi law to determine when to return excess revenues to members.

The district court granted Singing River's motion to dismiss and denied as moot the motion to stay the case pending appeal. The court concluded that § 235 did not "require [Singing River] to return such funds to its members in the manner [The Members] contend." The Members then appealed the district court's order granting the motion to dismiss. This is the appeal now before us.

## II

Since the district court entered the order granting the motion to dismiss, there have been two major legal developments affecting this case. First, this court held in *Harper v. Southern Pine Electric Cooperative*[5] that to state a claim under § 235 of the Mississippi Electric Power Association Law, "plaintiffs must identify revenues beyond what is 'needed' for the purposes outlined in the statute—as determined *by the board*" and cannot state a claim

---

[4] *Coinbase, Inc.*, 599 U.S. at 739; 9 U.S.C. § 16(a)(1)(B) ("An appeal may be taken from . . . an order . . . denying a petition under section 4 of this title to order arbitration to proceed.").

[5] 987 F.3d 417 (5th Cir. 2021).

unless "the board deems that [excess] revenues are 'not needed' for other purposes."[6]  Second, the Supreme Court held in *Coinbase* that "a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing."[7]  Under *Coinbase*, the interlocutory appeal in this case "divest[ed] the district court of its control" of the case, and the district court was required to stay the proceedings.[8]

In *Coinbase*, "[t]he sole question before [the Supreme Court was] whether a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing."[9]  The Court held that "[t]he answer is yes."[10]  The Court explained how an interlocutory appeal under 9 U.S.C. § 16(a)—the same provision under which Singing River appealed—"divests the district court of its control"[11] over the case:

> Section 16(a) does not say whether the district court proceedings must be stayed.  But Congress enacted § 16(a) against a clear background principle prescribed by this Court's precedents: An appeal, including an interlocutory appeal, "divests the district court of its control over those aspects of the case involved in the appeal." . . .  The *Griggs*[12] principle resolves this case.  Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially "involved in the appeal." . . . In

---

[6] *Id.* at 423-24 (quoting Miss. Code Ann. § 77-5-235 (2016)).

[7] *Coinbase, Inc.*, 599 U.S. at 740.

[8] *Id.* (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)).

[9] *Id.*

[10] *Id.*

[11] *Id.* (quoting *Griggs*, 459 U.S. at 58).

[12] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982) (per curiam).

> short, *Griggs* dictates that the district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing.[13]

The "*Griggs* principle," which *Coinbase* references,[14] is that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[15]  Accordingly, under *Coinbase*, when Singing River appealed the motion for reconsideration under 9 U.S.C. § 16(a), that act "confer[red] jurisdiction on the court of appeals and divest[ed] the district court of control."[16]  As a result, the district court was required to stay its proceedings pending the resolution of the interlocutory appeal on arbitrability in Case No. 20-60312, and the district court could not grant the motion to dismiss.

The district court's order granting the motion to dismiss predated *Coinbase* and noted that under then-existing Fifth Circuit precedents, "[a]n interlocutory appeal from [the] denial of a motion to compel arbitration does not divest the district court of jurisdiction to proceed to the merits."[17]  However, when the Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and

---

[13] *Coinbase*, 599 U.S. at 740-41 (quoting *Griggs*, 459 U.S. at 58).

[14] *Id.* at 741 ("The *Griggs* principle resolves this case.").

[15] *Griggs*, 459 U.S. at 58.

[16] *Coinbase*, 599 U.S. at 740 (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)).

[17] *See Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 907-09 (5th Cir. 2011), *abrogated by Coinbase*, 599 U.S. 736; *Grant v. Houser*, 469 F. App'x 310, 314 (5th Cir. 2012) (per curiam) (discussing *Weingarten*'s holding), *abrogated by Coinbase*, 599 U.S. 736.

No. 20-60744

as to all events, regardless of whether such events predate or postdate [the Court's] announcement of the rule."[18] As such, *Coinbase* applies to this case despite being announced after the district court's order.

We express no view on the merits of The Members' claims, the motion to dismiss, or the parties' arguments.

\*    \*    \*

The district court's order is VACATED.

---

[18] *Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 97 (1993); *see also Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981) ("A court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only.").