**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RUDOLPH MARTINEZ, JR.,

    Petitioner - Appellant,

v.

DEPARTMENT OF THE ARMY,

    Respondent - Appellee.

No. 25-1039
(D.C. No. 1:24-CV-02571-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT\***
_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Rudolph Martinez, Jr., appeals the district court's dismissal of his petition for review of a decision by the Merit Systems Protection Board. Because the district court has since reinstated that petition, we dismiss the appeal as moot.

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Martinez was a civilian employee of the U.S. Army. The Army terminated his employment in 2021. Martinez challenged that termination before the Merit Systems Protection Board, arguing, among other things, that his termination amounted to unlawful disability discrimination. In March 2024, the Board entered its final decision upholding the Army's termination.

Martinez filed a pro se petition for review with the United States Court of Appeals for the Federal Circuit. The Federal Circuit concluded that the United States District Court for the District of Colorado (the federal district court where Martinez lives) had jurisdiction over the petition. The Federal Circuit therefore transferred the petition to the District of Colorado.

That transfer took place in September 2024. The case then stalled due to Martinez's apparent failure to properly file an application to proceed *in forma pauperis* (IFP). Believing Martinez had missed more than one deadline to submit his IFP application, the district court entered an order on December 30, 2024, dismissing the action without prejudice. The district court entered final judgment that same day.

On January 29, 2025, Martinez filed two materially identical documents in the district court, both titled "Informal Petition filing for Rehearing." Suppl. R. at 2, 60. He argued that he had timely submitted his

2

IFP application, and he attached a United States Postal Service document showing timely delivery to the clerk's office for the District of Colorado.

On January 30 – one day after filing his "rehearing" motions and before the district court could rule on them – Martinez filed a notice of appeal, thus instituting this proceeding (No. 25-1039). Upon opening the appeal, this court reviewed the district court's docket and noted the pending motions. We concluded it was "in the interest of judicial efficiency" to await "the district court's disposition of the petitions for rehearing," and we therefore entered an order "abat[ing] this appeal." Order at 1 (Feb. 6, 2025), ECF No. 4. Although framed as abatement, our order was, in substance, a limited remand so the district court could rule on motions over which it would not otherwise have had jurisdiction in light of the pending appeal. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of

appeals and divests the district court of control over those aspects of the case involved in the appeal.").[1]

The district court reviewed Martinez's motions and the supporting documentation. From that documentation, the court was able to locate the IFP application and confirm that the clerk's office had timely received it. The court also concluded that Martinez qualified for IFP status. The court therefore granted Martinez's motions and reinstated the case.

---

[1] Martinez's "rehearing" motions were, in substance, Federal Rule of Civil Procedure 60(b)(1) motions based on the district court's apparent mishandling of his IFP application. A Rule 60 motion can toll the effectiveness of a notice of appeal – thereby preserving the district court's jurisdiction to rule on the motion – only if the Rule 60 motion was filed within twenty-eight days of final judgment. *See* Fed. R. App. P. 4(a)(4)(B)(i) (tolling the effectiveness of the notice of appeal "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)"); Fed. R. App. P. 4(a)(4)(A)(vi) (listing a motion "for relief under Rule 60" as a motion with tolling effect, but only "if the motion is filed within the time allowed for filing a motion under Rule 59"); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). Here, the district court entered final judgment on December 30, 2024. Thus, the deadline to file a Rule 60 motion with tolling effect was January 27, 2025. As it turned out, Martinez filed his "rehearing" motions on January 29, so they did not have any tolling effect on his notice of appeal filed the next day. In other words, the motions filed on January 29 did not, by themselves, preserve the district court's jurisdiction. But our abatement order was effectively a remand so the district court could rule on those motions. *See* Fed. R. Civ. P. 62.1(c) ("The district court may decide [a] motion [over which it would not otherwise have jurisdiction] if the court of appeals remands for that purpose.").

4

Considering the district court's action, this appeal is moot as to the district court's December 30 dismissal and final judgment. As for Martinez's appellate brief, which argues the merits of his petition for review, the issue is unripe because the district court has never ruled on those merits. "Where an issue has not been ruled on by the court below, we generally favor remand for the district court to examine the issue." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir. 2013). There is an exception "where the proper resolution is beyond any doubt, or where injustice might otherwise result," *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) (citation and internal quotation marks omitted), but we see neither of these circumstances here.

For the reasons stated, we dismiss this appeal.

Entered for the Court

Richard E.N. Federico
Circuit Judge

5